IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY HARMON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| BLAKE NOVACK, CITY OF | ) |
| COLLINSVILLE, DAMIAN COLON, | ) |
| MATTHEW BLACK and | ) |
| WALMART, INC. | ) |
| | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff JERRY HARMON, by and through his attorney Jarrod P. Beasley of Kuehn, Beasley & Young P.C. and for his Complaint against BLAKE NOVAK, CITY OF COLLINSVILLE, DAMIAN COLON, MATTHEW BLACK AND WALMART, INC., states as follows:

## FACTS

1. Plaintiff is and was at all relevant times a resident of St. Clair County, Illinois.

2. Defendant Blake Novack is an officer with the City of Collinsville Police Department.

3. The Defendant, City of Collinsville, is a municipal corporation and governmental unit within the State of Illinois.

4. At all relevant times, Damian Colon was an off-duty Master Sergeant employed by the Illinois State Police.

5. At all relevant times, Matthew Black was employed as a loss prevention associate by Defendant Walmart.

6. The Defendant Walmart is a corporation authorized to do business in the State of Illinois.

7. On or about May 24, 2020, Mr. Harmon was an invitee of Defendant Walmart. Mr. Harmon purchased commercial tires and left the store.

8. While loading the tires into his truck, Defendant Black began yelling from a distance. Plaintiff was unaware what was happening.

9. After loading the tires and getting into his commercial vehicle, Defendant Colon approached the vehicle and began trying to open the driver's door.

10. Defendant Colon was wearing nothing that would indicate he was a police officer.

11. Alarmed, Plaintiff drove his vehicle away.

12. While leaving the parking lot, Plaintiff observed a police car heading towards the Walmart parking lot.

13. The police car was being driven by Defendant Novack.

14. Seeing the police responding, Plaintiff decided to return to the lot to report the behavior of Black and Colon.

15. When Plaintiff pulled in, he was ordered to get out of the vehicle by Defendant Novack.

16. Plaintiff got out of the vehicle.

17. Defendant Novack immediately approached Plaintiff and told him to face his squad car and place his hands behind his back.

18. It should be noted, neither Colon nor Black were in handcuffs.  Both men are Caucasian.

19. Plaintiff is African American.

20. Understandably confused, Plaintiff asked Defendant Novack why he was being arrested.  Rather than respond, Defendant Novack slammed him up against the car and picked him up and body slammed him onto his stomach.

21. Plaintiff had committed no crime.

22. Plaintiff did not resist arrest.

23. Either immediately before or immediately after abusing Plaintiff, Defendant Novack spoke with Defendant Black.  Defendant Black falsely claimed Plaintiff stole items from Defendant Walmart.

24. After abusing Plaintiff, Defendant Novack confirmed that no items were taken by Plaintiff.

25. Apparently not satisfied Plaintiff had committed no crime and attempting to justify his use of excessive force, Defendant Novack, presumably at the insistence of Black and Walmart, charged Plaintiff with resisting arrest.

26. On a day in which Plaintiff committed no crime, he was falsely accused of a crime by Black, harassed, chased and scared by Colon, slammed on the concrete by a Defendant Novack, and charged with resisting a police officer by Defendant Novack.

27. As a result of these egregious actions, Plaintiff was injured.

## COUNT I
### Blake Novack – 42 U.S.C. § 1983

28. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

29. That at all times mentioned herein, the Defendant, Novack was acting under color of law.

30. That Defendant Novack, without provocation or any legal justification, grabbed and body slammed Plaintiff, causing severe physical damage.

31. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's fourth and fourteenth amendment rights.

32. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was deprived of his liberty, lost the enjoyment of his

life, endured pain and suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages and suffered the stigma of arrest.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Blake Novack, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

## COUNT II
### The City of Collinsville, Illinois – 42 U.S.C. § 1983

33. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

34. At all times mentioned herein, the defendant, the City of Collinsville, Illinois, had customs, policies, and practices that violated the Fourth Amendment rights of its arrestees under the United States Constitution, including, but not limited to:

    a. It hired and retained Novack, knowing that he was likely to violate the rights of his arrestees;

    b. It hired Novack knowing or should have known he had routinely violated the rights of arrestees previously;

    c. It failed to properly train, investigate, discipline, and/or fire Novack for such violations; and

    d. Otherwise violated plaintiff's constitutional rights.

35. That the aforementioned acts by the defendant constituted grossly excessive force and an illegal seizure in violation of the Plaintiff's fourth and fourteenth amendment rights.

36. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was deprived of his liberty, lost the enjoyment of his life, endured pain and suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages and suffered the stigma of arrest.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, City of Collinsville, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

## COUNT III
### The City of Collinsville, Illinois – Indemnification

37. Plaintiff hereby incorporates Paragraphs 1-32 as if fully set forth herein.

38. Pursuant to 745 ILCS 10/9-102 the local governmental entity is required to pay any tort judgment or settlement for compensatory damages of its employee while acting within the scope of his employment.

39. Defendant Novack was acting in the course and scope of his employment at all times referenced in the complaint.

40. The City of Collinsville is an indispensable party to this litigation under Federal Rule 19.

WHEREFORE, the Plaintiff, demands judgment against the Defendant City of Collinsville for the amount of any judgment entered against Defendant Novack in Count I and for such further relief as this Court deems just and proper.

## COUNT IV
### Damian Colon – Intentional Infliction of Emotional Distress

41. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

42. That Defendant Colon was off duty.

43. That based on false information from Defendant Black, Defendant Colon attacked plaintiff while in his vehicle.

44. That said attack included attempting to and, in fact, pulling his vehicle door open and attempting to reach inside to grab plaintiff.

45. That such conduct was extreme and outrageous.

46. That such actions caused Plaintiff to fear for his safety.

47. That following that attack, Defendant Colon represented to Defendant Novack that Plaintiff was the aggressor.

48. That Defendant Colon knew this to be false.

49. That such information was intended to cause damage to plaintiff.

50. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff endured pain and suffering with accompanying mental distress of those injuries.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Damian Colon, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

## COUNT V
**Damian Colon – Negligent Infliction of Emotional Distress**

51. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

52. That Defendant Colon was off duty.

53. That Defendant had a duty to use ordinary care in his interactions with the public.

54. That Defendant was negligent in acting on unreliable information, engaging in police conduct while off-duty, and otherwise negligent in attacking Plaintiff.

55. That based on false information from Defendant Black, Defendant Colon attacked plaintiff while in his vehicle.

56. That said attack included attempting to and, in fact, pulling his vehicle door open and attempting to reach inside to grab plaintiff.

57. That such conduct was extreme and outrageous.

58. That such actions caused Plaintiff to fear for his safety and caused emotional distress.

59. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff endured pain and suffering with accompanying mental distress of those injuries.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Damian Colon, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

### COUNT VI
**Matthew Black – Intentional Infliction of Emotional Distress**

60. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

61. That Defendant Black began yelling at Plaintiff in public falsely accusing Plaintiff of theft.

62. That based on this false information from Defendant Black, Defendant Colon attacked plaintiff while in his vehicle.

63. That said attack included attempting to and, in fact, pulling his vehicle door open and attempting to reach inside to grab plaintiff.

64. That such conduct was extreme and outrageous.

65. That such actions caused Plaintiff to fear for his safety.

66. That following that attack, Defendant Black represented to Defendant Novack that Plaintiff had committed a crime.

67. That Defendant Black knew this to be false.

68. That such information was intended to cause damage to plaintiff.

69. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff endured pain and suffering with accompanying mental distress of those injuries.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Matthew Black, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

## COUNT VII
### Matthew Black – Negligent Infliction of Emotional Distress

70. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

71. That Defendant Black began yelling at Plaintiff in public falsely accusing Plaintiff of theft.

72. That Defendant had a duty to use ordinary care in his interactions with the invitees of his employer Walmart.

73. That Defendant was negligent in acting on unreliable information, violated company policy by enlisting the aid of the public to detain an invitee, and otherwise negligent in causing an attack on plaintiff.

74. That based on false information from Defendant Black, Defendant Colon attacked plaintiff while in his vehicle.

75. That said attack included attempting to and, in fact, pulling his vehicle door open and attempting to reach inside to grab plaintiff.

76. That such conduct was extreme and outrageous.

77. That such actions caused Plaintiff to fear for his safety and caused emotional distress.

78. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff endured pain and suffering with accompanying mental distress of those injuries.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Matthew Black, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), punitive damages in excess of $50,000, attorney's fees pursuant to 42 USC 1988, punitive damages and costs.

## COUNT VIII
### Walmart – Respondeat Superior

79. Plaintiff hereby incorporates Paragraphs 1-27 as if fully set forth herein.

80. The Defendant Walmart is in the business of offering retail products to its customers and inviting members of the public into their business.

81. That at all times mentioned herein, the Defendant, Matthew Black was employed by Walmart.

82. It is well settled that, under the doctrine of *respondeat superior*, an employer may be liable for the negligent, willful, malicious, or even criminal acts of its employees when such acts are committed in the course of employment and in furtherance of the business of the employer.

83. That as a direct and proximate result of one or more of the acts by Defendant Black recited above, Plaintiff was injured.

84. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant's employee, the Plaintiff endured pain and suffering with accompanying mental distress of those injuries.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Walmart, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

## COUNT IX
### Blake Novack - Willful and Wanton

85. Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 32 as if fully set forth herein.

86. That, as more particularly stated above, Defendant acted intentionally or with reckless disregard for the health and well-being of the Plaintiff by arresting, slamming and beating Plaintiff without just cause.

87. That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the defendant, the Plaintiff suffered personal injury and pain and suffering, was deprived of his liberty, lost the enjoyment of his life, endured pain and suffering with accompanying mental distress of those injuries, incurred medical expenses and lost wages and suffered the stigma of arrest.

WHEREFORE, the Plaintiff, demands judgment against the Defendant, Blake Novack, in an amount greater than FIFTY THOUSAND DOLLARS ($50,000.00), plus costs.

                Respectfully Submitted,

                /s/Jarrod P. Beasley
                Jarrod P. Beasley #6274536
                Attorney for Plaintiff
                Kuehn, Beasley & Young, P.C.
                23 S. First Street
                Belleville, IL 62220
                Phone:  618.277.7260
                Fax:  618.277.7718
                jarrodbeasley@kuehnlawfirm.com